[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S POST-TRIAL MOTIONS
The defendant has filed motions for the court to articulate, clarify and reconsider its decision of January 26, 1999 dissolving the parties' marriage. As stated on the record at the hearing on these motions on April 12, 1999, these motions are resolved in the following manner.
A. The motion for reconsideration is granted to the following limited extent: CT Page 4869
I. Child Support. Paragraph 4(a) of the Final Judgment and Orders of Dissolution is hereby vacated and replaced by the following:
The Child Support Guidelines are inapplicable because the parties' total income exceeds the income provisions of the guidelines. The court orders that the husband pay child support in the amount of $450 per week. The court has been guided in determining this amount of child support on a percentage that is proportionately consistent with the parties' incomes and the amount indicated under the guidelines. The child support shall be governed by and shall terminate pursuant to the provisions of Section 45b-84 of the General Statutes.
II. Alimony. Paragraph 6(b) of the Final Judgment and Orders of Dissolution is hereby vacated and replaced by the following:
In addition to the alimony of $500 per week, for any year that the husband's gross income equals or exceeds $230,000 (as indicated on line 22 of his federal income tax return or its equivalent) he shall pay an additional amount equal to 3% of this total yearly gross income as follows. Beginning April 30, 1999 and for applicable years thereafter, the plaintiff shall complete his federal income tax return for the previous year or estimate of his previous year's gross income and if this gross income equals or exceeds $230,000, he shall pay the wife 3% of this gross amount in 12 monthly installments over the next year beginning in June of that year in addition to paying the $500 weekly periodic payments.
III. Property Divisions. Paragraph 7(a) of the Final Judgment and Orders of Dissolution is hereby vacated and replaced by the following:
No later then six months after the minor child graduates from high school or reaches the age of nineteen whichever first occurs, the wife shall either pay the husband $50,000 or she shall place the marital property on the market for sale. The parties shall cooperate regarding any major repairs or maintenance of the marital home and they shall split the repair and maintenance costs that they mutually agree should be incurred. The husband shall not unreasonably withhold his consent to any such repairs or maintenance requests made by the wife. The wife shall be responsible for the payment of the monthly mortgage CT Page 4870 and property taxes on the home and she shall indemnify and hold the husband harmless from any claims regarding the mortgage and taxes.
If the wife pays the husband $50,000, she shall also pay off all the mortgages and taxes on the property or secure a full release of the husband's obligations on these liabilities. The husband, in turn, shall transfer all his right, title, and interest in the property to the wife by quit claim deed and the wife shall thereafter own the property to the exclusion of the husbands interest.
If the house is sold, it shall be sold in a commercially reasonable manner to bring the best price under prevailing market conditions. The parties shall cooperate to effectuate the sale of the property. The ordinary and necessary expenses of the closing, real estate taxes, and mortgages shall first be paid. The remaining net proceeds shall be split with the husband receiving 40% and the wife receiving 60% of those proceeds.
The wife shall retain all the furnishings and fixtures in and to said premises with the exception of any items that may be transferred to the husband through the parties' mutual consent.
IV. General Orders. Paragraph 11 of the Final Judgment and Orders of Dissolution is hereby vacated and replaced by the following:
The parties shall cooperate with each other and execute all necessary documents to effectuate the orders issued herein and the court shall retain jurisdiction for this purpose. The periodic alimony of $500 per week shall be paid through a wage withholding. The court adopts and incorporates herein the parties' stipulation dated April 8, 1998 and approved by the court on June 3, 1998 regarding the parties' 1997 income tax returns. By April 30 of every year beginning April 30, 1999 the parties shall exchange individual income tax returns, W-2, 1099 and K-1 forms.
B. The motion for articulation and/or clarification is hereby trusted to the following limited extent:
I. In paragraph 3 of the Final Judgment and Orders of Dissolution, the court ordered the husband to have liberal and reasonable visitation with the minor child pursuant to a yearly CT Page 4871 schedule agreed to by the parties. Pursuant to this order the parties are free to determine a mutually agreeable visitation schedule that is reasonable and flexible consistent with the child's age and best interests.
II. In paragraph 7(e) of the Final Judgment and Orders of Dissolution, the court stated that except as otherwise ordered, the parties shall retain all of the assets in their possession as listed and identified on their respective financial affidavits. Therefore, contrary to the wife's position, the court addressed the cash value of the parties' life insurance policies in that these assets are to remain in the parties' respective possessions as listed on their financial affidavits since they were not subject to any specific orders of division.
Except as indicated by the foregoing, the defendant's revised motion for articulation, motion for clarification, and motion for reconsideration are hereby denied.
So ordered.
This 14th day of April 1999.
Stevens, J.